IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GNALLI RICKY CEDRIC YASSI, #A-213232834, | § | |
| Petitioner, | § | |
| V. | § | No. 3:20-cv-1350-X-BN |
| CHAD WOLF, Acting Secretary of the U.S. Department of Homeland Security, ET AL., | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Gnalli Ricky Cedric Yassi, detained at ICE's Prairieland Detention Center, has filed, through counsel, a 28 U.S.C. § 2241 petition, requesting that he be released considering the COVID-19 pandemic. *See* Dkt. Nos. 1 & 4.

The Court has referred this resulting action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the United States District Judge Brantley Starr.

Yassi's petition was served on the United States Attorney for this district. As ordered, *see* Dkt. No. 6, that office file an expedited response, *see* Dkt. Nos. 8, 10, & 11. And Yassi filed a reply. *See* Dkt. No. 12.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the petition without prejudice for lack of subject matter jurisdiction.

Yassi, a citizen of the Ivory Coast, explains in support of his petition that he

has both a prior criminal history and pending charges:

> Petitioner's criminal history consists of one conviction for a Class C misdemeanor citation of Assault by Contact in 2019 with no finding of family violence. Petitioner was sentenced to three months deferred adjudication probation on the case.
>
> As a result of the same transaction and occurrence, Petitioner was also charged with Failure to ID, which was dismissed, and a misdemeanor Possession of Marihuana Less Than 2 Ounces, which was never filed against Petitioner within the two-year misdemeanor statute of limitation.
>
> ....
>
> On December 1, 2017, Petitioner was arrested and bonded out on three Class misdemeanor Tampering with Government Records and one Class B misdemeanor Failure to ID.
>
> Petitioner was subsequently detained by ICE officials and is currently in custody at the Prairieland Detention Facility.
>
> The Tampering with Government Records and Failure to ID misdemeanor cases are still pending in Tarrant County, Texas.
>
> Petitioner has not been convicted of these charges, and Petitioner's defense attorney believes that these pending charges will be dismissed.

Dkt. No. 4 at 5.

According to the government, "[o]n November 21, 2019, Yassi was released by state officials to ICE custody"; he "was served a Notice to Appear charging him with removability pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act (8 U.S.C. § 1227)" the same day; and he "was granted an $11,000 immigration bond" and "remains in immigration proceedings" without a "final order of removal," Dkt. No. 8 at 11-12, while Yassi explains that he "applied for bond through the Executive Office for Immigration Review" and that "[h]is request for bond was denied by the Immigration Judge on March 18, 2020," Dkt. No. 1 at 2.

Yassi does not challenge the legal authority under which he is detained. That is, he does not challenge "the cause of detention." *Pierre v. United States*, 525 F.2d

933, 935 (5th Cir. 1976). Yassi instead challenges the legality of the conditions under which he is detained, asserting – as the sole ground for relief in a habeas petition, through which he seeks immediate release – that he "has a Constitutional Right to Safety in Custody under the Due Process Clause."

> All mass-gatherings of people pose the risk of transmission and Infection of COVID-19. The Prairieland Detention Center has a capacity of 707 detainees, which is greatly in excess of the currently advised mass-gathering guidelines. As of the date of the filing of this petition, 41 immigrant detainees have tested positive for COVID-19 at the Prairieland Detention Facility. Detainees report that the Detention Facility has failed to provide running water. Detainees are unable to flush toilets, leading to even more unhygienic conditions and even greater risk of infection. Applicant suffers from gall bladder stones which leave him particularly vulnerable to COVID-19 infection.

Dkt. No. 1 at 5.

But, as several judges of this Court have recently recognized, even considering the exigencies caused by the COVID-19 pandemic, conditions of confinement claims are "not cognizable under Section 2241." *Cureno Hernandez v. Mora*, ___ F. Supp. 3d ____, No. 1:20-cv-104-H, 2020 WL 3246753, at *1 (N.D. Tex. June 15, 2020); *Umarbaev v. Moore*, No. 3:20-cv-1279, 2020 WL 3051448, at *5 (N.D. Tex., Jun. 6, 2020) ("In sum, aside from conditions of confinement alleged to be unconstitutional that, if proved to be true, will result in accelerated release, 'habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'" (quoting *Pierre*, 525 F.3d at 935-36)); *Sanchez v. Brown*, No. 3:20-cv-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020) ("[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief

from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. An inmate is not entitled to relief in a habeas corpus petition based on civil rights claims related to the conditions of his confinement. Plaintiffs do not challenge the cause of their detention or contend that they are being held for an improper duration. They seek release due to the conditions at the jail caused by COVID-19. The Court concludes it lacks jurisdiction over Plaintiffs' habeas action." (citations omitted)).

> Fifth Circuit precedent provides that unconstitutional conditions of confinement – even conditions that create a risk of serious physical injury, illness, or death – do not warrant release. Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. Rather, the proper remedy for unconstitutional conditions of confinement should be equitable – to enjoin the unlawful practices that make the conditions intolerable. Thus, "allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."
>
> A demand for release does not convert a conditions-of-confinement claim into a proper habeas request. In sum, it is well established in this circuit that a detainee is not entitled to habeas relief if he raises civil-rights claims related to the conditions of his confinement.

*Cureno Hernandez*, 2020 WL 3246753, at *4 (citations omitted); *see also, e.g., Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam) ("Lineberry has not provided any authority for his argument that he is entitled to be released because he has allegedly been subjected to cruel and unusual punishment. His challenges to the conditions of confinement, even if proved to be true, will not result in his accelerated release. The proper remedy is to require the discontinuance of a practice or to require the correction of an unconstitutional condition. The district

court correctly dismissed these claims without prejudice based on a determination that Lineberry must seek such remedies in a civil rights action." (citations omitted)).

The Court therefore lacks subject matter jurisdiction over this habeas petition. *See, e.g., Cureno Hernandez*, 2020 WL 3246753, at *6 ("[T]his Court, like most district courts to consider the issue, will follow the bright-line rule established by decades of Fifth Circuit precedent that conditions-of-confinement claims are not the proper subject matter for a writ of habeas corpus.").

**Recommendation**

The Court should dismiss Petitioner Gnalli Ricky Cedric Yassi's 28 U.S.C. § 2241 petition without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 29, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE