IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GNALLI RICKY CEDRIC YASSI, #A-213232834, | § § § § § § § § § § § § § | |
| *Petitioner*, | | |
| V. | | No. 3:20-cv-1350-X |
| CHAD WOLF, Acting Secretary of the U.S. Department of Homeland Security, ET AL., | | |
| *Respondents*. | | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case [Doc. No. 14]. Petitioner Gnalli Ricky Cedric Yassi filed an objection [Doc. No. 15]. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Yassi objected to the legal basis for the Court's conclusions that "even considering the exigencies caused by the COVID-19 pandemic, conditions of confinement claims are 'not cognizable under Section 2241.'"[1] Yassi says that in the

---

[1] Specific Objection to Finding [sic], Conclusions, and Recommendation of the United States Magistrate Judge, at 2 [Doc. No. 15].

absence of explicit foreclosure by the Supreme Court of the United States, "Courts in this circuit have recently allowed for petitions under Section 2241 with similar claims."[2] Yassi also argues that the "Fifth Circuit has even stated that a habeas petition is appropriate in cases where a grant of relief would entitle the petitioner to immediate release."[3]

But these objections do not reveal plain error in the United States Magistrate Judge's Findings, Conclusions, and Recommendation. In fact, they restated Yassi's arguments in his response [Doc. No. 12] and did not address the caselaw the United States Magistrate Judge cited in support of his Findings, Conclusions, and Recommendation. Instead, in support of Yassi's objection that other district courts in this Circuit have allowed for petitions under 2241 with similar claims, Yassi cites to *Vazquez Barrera v. Wolf*[4] and *Dada v. Witte*.[5] But in so doing, Yassi ignored this Court's distinction of these cases from this District's practices, as the Court explained in *Cuerno Hernandez v. Mora*.[6] Specifically:

> The district court in *Dada* carefully limited its ruling to the particular fact pattern and plaintiffs before it. The court recognized that the circumstances created by the pandemic are in constant flux, and "as we find out more about the disease," the "best approach changes daily," and the relevant facts "could well be different next week." The court cautioned that "nothing decided in this case applies to any other detainee who might seek release based upon the situation existing at that time."

---

[2] *Id.* at 3.

[3] *Id.* at 2.

[4] 2020 WL 1904497 (S.D. Tex. Apr. 17, 2020).

[5] 2020 WL 2614616 (W.D. La. May 22, 2020).

[6] 2020 WL 3246753 (N.D. Tex. June 15, 2020) (Hendrix, J.).

> …
>
> The facts present in *Vazquez Barrera* are distinguishable from this case, primarily because of how quickly the medical community has responded to the pandemic and how much has been learned in the last two months. We know more now, on the other side of the initial curve, about preventive measures and successful treatment, and testing is faster and more accessible. Mitigation of the risk is more possible now than it was when *Vazquez Barrera* was decided, making injunctive relief not only possible, but more appropriate. Additionally, the plaintiffs in *Vazquez Barrera* had serious chronic medical issues that are not present here. Further, the decision represents a minority view among district courts to consider this issue in this circuit and relies heavily on the lack of clear guidance from the Supreme Court. Nevertheless, this Court, like most district courts to consider the issue, will follow the bright-line rule established by decades of Fifth Circuit precedent that conditions-of-confinement claims are not the proper subject matter for a writ of habeas corpus.[7]

These distinctions—as explained in *Cuerno Hernandez* and as applied by the United States Magistrate Judge in this case—correctly interpret binding precedent and adequately address Yassi's objections.

For these reasons, Findings, Conclusions, and Recommendation contain no plain error. Therefore, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

**SO ORDERED** this 13th day of August 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at *6 (citations omitted). Although Yassi suffers from a chronic medical issue, the Court still finds that the facts and timing of this case demonstrate that "injunctive relief not only possible, but more appropriate." *Id.*